IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPHINE SMITH | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MARSHALLS, et al. | : | NO. 11-5121 |

MEMORANDUM

Bartle, J.                                    September 21, 2011

        Plaintiff Josephine Smith ("Smith") brings this action
against defendants Marshalls and The TJX Companies, Inc. ("TJX") in
which she seeks compensatory and punitive damages for personal
injuries allegedly suffered while a customer at one of defendants'
stores.  Before the court is the motion of the defendants to
dismiss Counts II and IV of this complaint for failure to state a
claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.
In these counts, Smith alleges recklessness on the part of one of
defendants' employees and requests punitive damages against
Marshalls and TJX, respectively.  The defendants maintain that
Smith has not sufficiently pleaded her claims under Bell Atlantic
v. Twombly, 550 U.S. 544, 570 (2007) and Ashcroft v. Iqbal, 129 S.
Ct. 1937, 1949 (2009).

        When deciding a motion to dismiss under Rule 12(b)(6),
the court must accept as true all factual allegations in the
complaint and draw all inferences in the light most favorable to
the plaintiff.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233
(3d Cir. 2008); Umland v. Planco Fin. Servs., Inc., 542 F.3d 59, 64
(3d Cir. 2008).  Rule 8 of the Federal Rules of Civil Procedure

provides that a pleading must contain "a short and plain statement
of the claim showing that the pleader is entitled to relief."  Fed.
R. Civ. P. 8(a).

In <u>Twombly</u>, the Supreme Court held that Rule 8
encompassed a "facial plausibility" pleading standard.  550 U.S.
544, 570 (2007).  Under this standard, a complaint "requires more
than labels and conclusions, and a formulaic recitation of the
elements of a cause of action will not do."  <u>Id.</u> at 555.  The
<u>Twombly</u> Court explained that "factual allegations must be enough to
raise a right to relief above the speculative level" in order for a
case to move past the motion to dismiss stage.  <u>Id.</u>

In <u>Ashcroft v. Iqbal</u>, the Court found that Rule 8
"demands more than an unadorned, the-defendant-unlawfully-
harmed-me accusation."  129 S. Ct. 1937, 1949 (2009) (citing
<u>Twombly</u>, 550 U.S. at 555).  Instead, a court must conduct a
contextual, common-sense analysis to determine whether a complaint
states a factually plausible claim.  <u>Id.</u> at 1950.  There must be
more than a "mere possibility" of misconduct.  <u>Id.</u>

In light of <u>Twombly</u> and <u>Iqbal</u>, our Court of Appeals has
instructed district courts to use a two-part analysis when dealing
with a motion to dismiss for failure to state a claim:

> First, the factual and legal elements of a
> claim should be separated.  The District Court
> must accept all of the complaint's well-pleaded
> facts as true, but may disregard any legal
> conclusions.  Second, a District Court must
> then determine whether the facts alleged in the
> complaint are sufficient to show that the
> plaintiff has a "plausible claim for relief."

-2-

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210-11 (3d Cir. 2009) (quoting <u>Iqbal</u>, 129 S. Ct. at 1950).  If, after conducting this analysis, the district court concludes that the complaint shows "more than the mere possibility of misconduct," the plaintiff will be entitled to proceed with his or her claims.  <u>Id.</u> at 211 (citing <u>Iqbal</u>, 129 S. Ct. at 1949).

Smith's complaint alleges the following facts about the incident leading to her injuries:

> 5.  Ms. Smith was in the men's department when an employee (Hereafter the "Defendants' Employee") pushing a cart, pushed it into another cart which struck Ms. Smith in her left calf.
> 6.  Ms. Smith hollered and Defendants' Employee pulled the cart back.
> 7.  Defendants' Employee then hit Ms. Smith on her left heel with the cart he was pushing.
> 8.  Ms. Smith tried to brace herself from falling and twisted her body injuring same.
> 9.  Defendants' Employee assisted Ms. Smith to a seat because of her injuries.

Accepting all these well-pleaded facts as true, they are insufficient to show recklessness on the part of defendants' employee or any conduct warranting punitive damages.  Pennsylvania has adopted § 500 of the Restatement (Second) of Torts, which defines recklessness as "not only conduct [that] creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent." <u>Moran v. G. & W.H. Corson, Inc.</u>, 586 A.2d 416, 423 (Pa. Super. 1991).  Smith's complaint describes defendants' employee as pushing a shopping cart into another shopping cart which struck Smith.  There are no facts about the

conduct of the employee from which a reasonable person could plausibly infer reckless behavior and thus hold the employer liable for punitive damages under respondeat superior.  See Delahanty v. First Pennsylvania Bank, N.A., 464 A.2d 1243, 1264 (Pa. Super. 1983).

Under Pennsylvania law, "[t]he only purpose of punitive damages is to deter outrageous conduct."  Hutchison v. Luddy, 582 Pa. 114, 124 (Pa. 2005) (quoting Martin v. Johns-Manville Corp., 494 A.2d 1088, 1098 n.12 (Pa. 1985)).  To award punitive damages against a principal for the actions of its agent, the actions of the agent must have been outrageous, committed within the scope of the agent's duties, and committed with the intent to further the corporation's interests.  Loughman v. Consol-Pennsylvania Coal Co., 6 F.3d 88, 101 (3d Cir. 1993) (citing Delahanty, 464 A.2d at 1264). Claims for punitive damages necessarily require a form of recklessness, wanton misconduct, or outrageous conduct, and may not be awarded "for misconduct which constitutes ordinary negligence such as inadvertence, mistake and errors of judgment."  Martin v. Johns-Manville Corp., 508 Pa. 154, 170 (Pa. 1985).  Nothing in Smith's facts describes the defendants' employee's conduct in pushing the shopping cart as rising above inadvertence, mistake and errors in judgment so as to permit an award of punitive damages.

Smith's complaint also includes allegations that Marshalls and TJX were themselves reckless in causing the injury to Smith, warranting punitive damages.  They read:

-4-

2a.  Marshalls operates hundreds of stores
which serve thousands, if not millions, of
customers yearly.
2b.  Of the aforesaid customers, some have
been hurt because of Marshalls' negligence and
failure to take corrective action in light of
reported accidents and injuries.
2c.  Nevertheless, despite reported injuries,
Marshalls failed to take correct properly
instruct [sic] its employees to prevent
injuries to those customers like Ms. Smith.
. . .
12.  The Defendants have no policy in place to
address the type of incident that is set forth
herein despite it having millions of invitees
and thousands of injuries.
. . .
15.  Given the nature of its business and/or
reports of previous injuries, Defendant [sic]
must have been and/or should have been aware
of the existence of inherently dangerous
conditions at its store related to its carts.
16.  Because of previously reported injuries
in their stores, Defendants must have been
and/or should have been aware of the existence
of the inherently dangerous conditions such as
the one that caused Ms. Smith's injuries.
17.  The Marshalls store where Ms. Smith was
permanently injured was inherently dangerous
because:
17a.  There was no warning systems attached to
the carts used by employees.
17b.  There was inadequate space in the aisles
to accommodate the Defendants' employee, the
cart and Ms. Smith;
17c.  There were no posted warnings to advise
customers to be careful of and look out for
carts being pushed by Defendants' employees;
17d.  There was an inadequate number of
personnel to assist customers and Defendants'
Employee, who was pushing the cart.
17e.  Defendants knew that other invitees had
been injured in their store; nevertheless,
they failed to take precautions to protect Ms.
Smith;
17h.  Defendants engaged in deliberate policy
of ignorance and obfuscation with regard to
previous injuries/incidents to shield
themselves from liability and to avoid the
costs of additional personnel and/or safety

-5-

features/programs, which would have made the
premises safer to invitees like Ms. Smith.
18.  Defendants had received earlier reports
of injuries and incidents in their stores that
placed them on notice that invitees like Ms.
Smith could and would be injured unless proper
precautions/actions were taken.

Accepting any purported facts, as opposed to conclusions, as true as required under Fowler, the complaint does not show "more than the mere possibility of misconduct" reaching the level of recklessness required for the punitive damages claims in Counts II and IV.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (quoting Iqbal, 129 S. Ct. At 1950).  Smith never describes how prior customers were injured and whether the circumstances were similar to those surrounding her injury.  Smith's mere recitation of an absence of warnings or an absence of a Marshalls or TJX policy does not create a plausible claim of reckless conduct. Furthermore, Smith's averment that "[d]efendants engaged in deliberate policy of ignorance and obfuscation" is conclusory and not bolstered by anything set forth in the complaint.

Accordingly, we will grant the motion of defendants Marshalls and TJX to dismiss Counts II and IV of Smith's complaint unless Smith files and serves an amended complaint on or before October 6, 2011 with respect to Counts II and IV.